NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIANA ZELAYA-GONZALEZ; et al.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2177

Agency Nos.
A206-844-307
A220-149-697

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2025[**]

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Diana Zelaya-Gonzalez, a native and citizen of El Salvador, and her

daughter, a native and citizen of Mexico, petition pro se for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

judge's ("IJ") decision denying their applications for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

As to asylum and withholding of removal, petitioners do not challenge the BIA's conclusion that they waived review of the IJ's dispositive determinations that they failed to show harm rising to the level of persecution, nexus to a protected ground, the government of El Salvador was or would be unable or unwilling to protect them, and they would be unable to reasonably relocate within El Salvador, so we do not address these issues. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Substantial evidence supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Petitioners' contention that the agency should apply the "substantial grounds for believing" standard instead of the "more likely than not standard" for CAT protection is without merit. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (petitioner must satisfy "more likely than not" standard "whenever he or she

23-2177

presents evidence establishing 'substantial grounds for believing that he [or she] would be in danger of being subjected to torture' in the country of removal" (alteration in original)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**